UNITED STATES of America, Plaintiff-Appellee,

v.

Thomas Louis BRINGHURST, Defendant-Appellant.

No. 71-3459.

United States Court of Appeals, Fifth Circuit.

Oct. 13, 1972.

Rehearing Denied Nov. 13, 1972.

William A. Daniel, Jr. and Morton A. Orbach, Miami, Fla. (both Court Appointed), for defendant-appellant.

R. Jackson B. Smith, Jr., U. S. Atty., Augusta, Ga., David D. Rawlins and Lamar C. Walter, Asst. U. S. Attys., Savannah, Ga., for plaintiff-appellee.

Before Judge TUTTLE, BELL and AINSWORTH, Circuit Judges.

PER CURIAM:

■ The principal attack made by the appellant here on his conviction under the Dyer Act is that certain documents which witnesses were permitted to testify from in their giving of evidence to the jury were not themselves tendered in evidence. As to one of such documents, the trial court permitted the witness to read the serial number and description of the automobile alleged to have been stolen in Broward County, Florida without the original document actually having been tendered in evidence. The trial court also permitted a police officer of Pompano Beach, Florida to identify entries on a police report made by him, based on information given to him by other officers, touching on the same identification and description of the automobile, without having the original of the document itself tendered in evidence. In view of the fact that both of these documents were admissible, had they actually been offered in evidence, under the official or business records doctrine, no prejudicial error is shown from the fact that the witness was permitted to testify as to the contents of the documents instead of having the original actually placed in evidence. Moreover, the record is not entirely clear as to the handling of these items, although it is clear that they did not go to the jury and there is no minute entry that they were received in evidence. The court treated them as though they had been so received. There is more of a question whether there was merely a failure to send the documents out with the jury than whether they were actually received in evidence. Having satisfied the requirements which the trial court stated must be met, that is, that sufficient proof be adduced to indicate that they were business records, all parties then proceeded in the case with the evidence actually before the jury from a reading of the documents as if they had been factually tendered and received. We think that such error as may have occurred was not prejudicial.

■ A second contention made by the appellant arises from the fact that the trial court either "continued" or "recessed" the trial after the jury was sworn because of the non-appearance of the Government's prosecuting witness, and some of the members of the jury, during the two day recess, actually were sworn and served on one or two other juries in the same court before they were reassembled to proceed with the trial of this case. Without precedent, and without much to recommend it as a practice, this treatment of the matter by the trial court is charged by the appellant as creating double jeopardy of the appellant when he was placed back on trial. Without some precedent or logic to support the contention we believe that, in order to make his point here, the burden would be on the appellant to point to some actual prejudice from this procedure before his attack on the jury could succeed.

A further complaint made by the appellant deals with improper argument of government counsel to the jury. We find no objection or motion for mistrial was made by counsel to the criticized remarks. We do not find them so far out of line as to warrant our noticing them as plain error.

We have carefully considered all grounds for appeal as presented and conclude that the judgment of the trial court must be affirmed.